IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANDREW RUSSEL GILLIAM,

Plaintiff,

v.

DARREN J. HOSCHOUER,

Defendant.

Civ. No. 6:26-cv-02544-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

Self-represented Plaintiff Andrew Russel Gilliam seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff has also filed a Motion for Appointment of Counsel, ECF No. 3. For the reasons set forth below, the application to proceed IFP is GRANTED but the Complaint, ECF No. 1, is DISMISSED and the Motion for Appointment of Counsel is DENIED with leave to refile.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED. However, for the reasons discussed below, the Complaint must be dismissed.

The Complaint in this case identifies Defendant Darren J. Hoschouer as a probation officer but contains no allegations of any kind against him. This falls below the pleading standards and so the Complaint must be dismissed. Because Plaintiff is self-represented, dismissal shall be with leave to amend and Plaintiff shall have thirty days to file an amended complaint.

In preparing the amended complaint, Plaintiff should bear in mind that the Court does not know anything about the facts of his case other than what he chooses to include in the amended complaint. Plaintiff should explain, using simple and plain language, who the defendant or defendants are, how the defendants have injured Plaintiff, and why the defendants should be held liable for the injury. Plaintiff should remember that the purpose of the complaint is to allow the Court and the defendants to understand what claims are being made and what facts support those claims.

Plaintiff has also moved for appointment of counsel. ECF No. 3. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). A district court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of exceptional circumstances . . . requires at least an evaluation of likelihood of the plaintiff's success on the merits and plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation marks and citation omitted). For the reasons discussed above, the Court has concluded that Plaintiff has failed to state a claim and dismissed the Complaint. The Court does not find exceptional circumstances warranting the appointment of counsel. The motion is therefore denied.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendant. Plaintiff has thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this 25th day of November 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge